O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENT PRICE McCOWAN, | ) | Case No. CV 20-2535-CAS (SP) |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING PETITION |
| TOMLINSON, et al., | ) | |
| Respondents. | ) | |

## I.

## **INTRODUCTION**

Petitioner Vincent Price McCowan is a California state prisoner proceeding pro se. On March 17, 2020, petitioner initiated this action by filing what he claimed was a motion for relief under 28 U.S.C. § 2255. Since petitioner is a state prisoner challenging a state court conviction, the Court construes the motion as a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition").

Petitioner challenges his 1986 conviction for kidnapping to commit robbery and resulting life sentence, as well as the California Board of Parole Hearing's

decision to deny him parole in February 2020. The Petition raises what appears to be four grounds for relief: (1) petitioner is actually innocent of the offense on which his 1986 conviction and life sentence is based as shown by newly discovered evidence; (2) his guilty plea was the result of ineffective assistance of counsel; (3) there may have been a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); and (4) his parole denial was based on an unproven rape charge from 1984 and two false indecent exposure prison disciplinary convictions from 2009 and 2012. Pet. at 1-4.

For the reasons discussed below, this Court lacks jurisdiction to entertain the Petition. The Court alerted petitioner to the Petition's jurisdictional defects in an April 21, 2020 Order to Show Cause Why Petition Should Not Be Dismissed. Petitioner did not respond to the Order to Show Cause. The Petition therefore will be dismissed without prejudice.

## II.

## **PRIOR PROCEEDINGS**[1]

On April 4, 1986, petitioner pled guilty to kidnapping to commit robbery (Cal. Penal Code § 209(b)) in Los Angeles County Superior Court, case number A778141. *See* case no. CV 13-5943-CAS (OP), docket no. 33 at 2. On April 25, 1986, the trial court sentenced petitioner to 7 years to life in state prison. *See* case no. CV 19-6792-CAS (SP), docket no. 8 at 2.

Petitioner has filed numerous § 2254 habeas petitions in this Court. Although some of his prior petitions challenged his conditions of confinement rather than a conviction, petitioner has filed five prior petitions in this Court challenging his 1986 conviction for kidnapping to commit robbery and resulting life sentence. The latter four of those petitions were dismissed, at least in part, as

---

[1] Petitioner provides limited information in the Petition about his prior proceedings. Thus, the Court relies on its prior findings where necessary.

improperly successive under 28 U.S.C. § 2244(b).

On April 12, 1999, petitioner filed a petition under 28 U.S.C. § 2254 in this Court in case number CV 99-3885-LEW (BQR), in which he challenged the same 1986 conviction he challenges in the current Petition. Petitioner raised two grounds for relief: ineffective assistance of counsel because his trial counsel instructed him to plead guilty, and involuntary and unknowing plea. On March 19, 2001, Judgment was entered dismissing the petition with prejudice as untimely. *See* case no. CV 99-3885, docket no. 99; *see also* case no. CV 13-5943, docket no. 33 at 3.

On August 20, 1999, petitioner filed a second § 2254 petition in this Court in case number CV 99-8510-LEW (BQR), in which he challenged the same 1986 conviction, claiming ineffective assistance of counsel. On June 28, 2001, an Order was entered dismissing the petition as second or successive. *See* case no. CV 99-8510, docket no. 5.

On August 12, 2013, petitioner filed a third § 2254 petition in this Court in case number CV 13-5943-CAS (OP), in which he challenged the same 1986 conviction as in the instant Petition, claiming ineffective assistance of counsel. On February 26, 2014, Judgment was entered dismissing the petition as successive. *See* case no. CV 13-5943, docket nos. 33, 34.

On September 29, 2014, petitioner filed a fourth § 2254 petition in this Court in case number CV 14-8112-CAS (RNB), challenging the same 1986 conviction he challenges in the instant Petition. In ground one of the petition, petitioner claimed his guilty plea was the product of ineffective assistance of counsel, because his counsel instructed him to plead guilty. On December 12, 2014, Judgment was entered dismissing ground one of the petition as successive. *See* case no. CV 14-8112, docket nos. 9, 10, 11. Ground two, challenging the

timing of petitioner's parole hearing, was dismissed as precluded by a separate pending class action. *Id.*

On August 5, 2019, petitioner filed a fifth § 2254 petition in this Court in case number CV 19-6792-CAS (SP), challenging the same 1986 conviction he challenges in the instant Petition, claiming ineffective assistance of counsel, insufficient evidence, failure to disclose evidence, and possibly newly discovered evidence. On October 30, 2019, Judgment was entered dismissing the petition as successive. *See* case no. CV 19-6792, docket nos. 8, 9.

## III.

## DISCUSSION

**A.    The Court Lacks Jurisdiction Over This Successive Petition**

In the Petition, petitioner is again attempting to challenge his 1986 conviction for kidnapping to commit robbery. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally precludes second or successive habeas petitions unless certain requirements are met, and unconditionally requires dismissal of successive petitions presenting previously raised claims. Section 2244(b) provides, in relevant part,

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

    Because the instant Petition is directed to the same 1986 judgment of conviction as petitioner's § 2254 habeas petition in case number CV 99-3885, which was dismissed as untimely, it constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244(b). *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Petitioner's claim in the instant Petition that his conviction was the result of ineffective assistance of counsel because his attorney instructed him to plead guilty must be dismissed under § 2244(b)(1) as identical to claims he alleged in his prior federal habeas petitions. *Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citing 28 U.S.C. § 2244(b)(1)) ("If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases."). Because petitioner seeks to again raise a claim already

adjudicated by this Court, that aspect of the Petition will be dismissed under 28 U.S.C. § 2244(b)(1).

Moreover, to the extent petitioner is raising any new claims, the Petition also will be dismissed under 28 U.S.C. § 2244(b)(3)(A) because petitioner has not obtained permission from the Ninth Circuit to file a second or successive petition. AEDPA requires that a prisoner who wishes to file a second or successive habeas petition first "'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)); *see Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet" section 2244(b)).  A district court lacks jurisdiction to review the second or successive petition in the absence of authorization from the appropriate court of appeals.  *Cunningham v. Davis*, 614 Fed. Appx. 922, 925 (9th Cir. 2015); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Here, there is no indication petitioner has sought or received such permission.  As such, and because the Petition is plainly second or successive, the Court will "dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals." *Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

**B.     Any Challenge to the Parole Denial Is Not Cognizable**

In addition to challenging his 1986 conviction, petitioner also argues the Board of Parole Hearings erred when it considered his 1984 rape charge and 2009 and 2012 indecent exposure disciplinary convictions in its decision to deny parole. Pet. at 3-4.  Petitioner cites to the Eighth Amendment's prohibition against cruel and unusual punishment but does not explain how the Board's consideration of the

rape charge or disciplinary convictions constitutes a constitutional violation. To the extent petitioner might claim the Board's denial deprived petitioner of a liberty interest he had in parole without due process because there was not "some evidence" that he was a danger to public safety, claims predicated on this legal theory have been foreclosed by the United States Supreme Court. *See Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); *Styre v. Adams*, 645 F.3d 1106 (9th Cir. 2011).

California's statutory scheme requires that there be "some evidence" of dangerousness to preclude an inmate's grant of parole. *Roberts v. Hartley*, 640 F.3d 1042, 1044 (9th Cir. 2011) (citing *In re Lawrence,* 44 Cal. 4th 1181, 82 Cal. Rptr. 3d 169, 190 P.3d 535 (2008)). Though California has created a liberty interest in parole, this is a state liberty interest and it does not implicate a substantive federal right. *Roberts*, 640 F.3d at 1045 ("Stated otherwise, there is no substantive due process right created by California's parole scheme."). As such, federal review of a state-created liberty interest in parole is only concerned with whether the state procedure comports with the fairness requirements of the Due Process Clause. *Id.* at 1045-46 (noting that courts should "look to federal law to determine whether a state prisoner has been afforded the procedural protections required by the Constitution.").

The Supreme Court has held that, in the context of a parole hearing, "the procedures required [to satisfy the Due Process Clause] are minimal" and "[d]ue process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole was denied.'" *Id*. at 1046 (9th Cir. 2011) (quoting *Swarthout,* 131 S. Ct. at 862).

Petitioner here gives no indication there was a procedural deficiency in his parole hearing such that the Board failed to comply with the "minimal" procedures to provide petitioner with due process under *Swarthout*. Accordingly, petitioner's

7

challenge to his denial of parole is not cognizable for purposes of federal habeas review.

### IV.
### CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered dismissing the Petition and this action without prejudice.

DATED: July 20, 2020

_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Sheri Pym
United States Magistrate Judge